Egan Jr., J.
(concurring). This was a somewhat unusual case *891 in the sense that plaintiff asserted causes of action sounding in both ordinary and professional negligence against defendant. We agree with the majority that because of errors in the jury charge and the construction of the verdict sheet, which caused the jury to consider the concept of plaintiff’s comparative negligence in an overall way (rather than limited solely to the cause of action relating to the ordinary negligence claim), a new trial as to damages is required.
We write separately for two reasons. First, contrary to the majority’s finding, we believe that plaintiff made a sufficiently specific objection to the comparative negligence instruction to preserve that issue for our review. Hence, invoking this Court’s interest of justice jurisdiction is, to our analysis, unnecessary. Second, and in an effort to provide some guidance to the trial court upon remittal as to the scope of the damages trial, we believe that some discussion as to the parameters of plaintiff’s damages claim is warranted.
As evidenced by the verdict sheet, plaintiff put forth three theories of liability — namely, that defendant was negligent in permitting plaintiff to have hot coffee while he was in defendant’s emergency department awaiting treatment for his seizure, that defendant committed medical malpractice in its treatment of plaintiff’s resulting burns during the course of his hospitalization and that defendant committed medical malpractice by discharging plaintiff prematurely. Upon considering these respective theories of liability, the jury ultimately found in favor of plaintiff only with respect to defendant’s treatment of plaintiff’s injuries — concluding that defendant deviated from the accepted standards of care in treating plaintiff’s burns and, further, that such deviation was a substantial factor in causing harm to plaintiff. Notably, the jury expressly found that defendant was not negligent in allowing plaintiff to have hot coffee while awaiting treatment in the emergency department and, further, that defendant’s premature discharge of plaintiff was not a substantial factor in causing the harm suffered by him.
There can be no question that the jury’s findings as to liability have significant implications for the jury that will be hearing proof as to plaintiff’s damages upon remittal. The split verdict as to liability remains undisturbed by this appeal and will be the law of the case in the damages trial. In this regard, the jury at the damages trial must be instructed that defendant bears no liability for the actual coffee spill and, as such, plaintiff’s damages, if any, cannot include compensation for the second and third degree burns — or any pain, suffering, *892 disfigurement, impairment or loss of use resulting therefrom— suffered by plaintiff in the first instance. Rather, consistent with the prior findings as to liability, defendant is responsible only for whatever exacerbation of plaintiffs injuries that may have occurred due to defendant’s deviation from accepted medical practices during the course of treating such injuries. In other words, the jury upon remittal must — in assessing plaintiff’s damages — proceed as if plaintiff had sustained the initial burn injuries elsewhere and limit the damages attributable to defendant’s malpractice, if any, to only whatever additional pain, suffering, disfigurement, impairment and/or loss of use that plaintiff suffered as a result of defendant’s treatment of him during the course of his hospital stay. If the jury hearing proof as to plaintiff’s damages is not so instructed, it may well — upon viewing the photographs of plaintiff’s burns— seek to compensate him for the entirety of his injuries, including those occasioned by the initial coffee spill, even though— consistent with the prior findings as to liability — defendant is responsible only for whatever exacerbation of those injuries that may have occurred due to defendant’s malpractice in its treatment of plaintiff.